**Davis, Ermis & Roberts, P.C.**
1521 N Cooper, Suite 860
Arlington, TX 76011

Bar Number:  00793588
Phone:  (817) 265-8832

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

In re: **James P. Brewster, Sr.**         xxx-xx-7119     §      Case No:  **23-43948-ELM-13**
     1930 Chandler Lane                              §
     Arlington, TX  76014                             §      Date:  **12/27/2023**
                                                              §
                                                              §      Chapter 13

     **Bridget Obeng Brewster**         xxx-xx-7703
     1930 Chandler Lane
     Arlington, TX  76014

                              Debtor(s)

*AMENDED 2/7/2024*
**DEBTOR'S(S') CHAPTER 13 PLAN
(CONTAINING A MOTION FOR VALUATION)**

**DISCLOSURES**

☑ This *Plan* does not contain any *Nonstandard Provisions*.

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☑ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☐ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2021-05, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order").  All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

Page 1

| | | | |
|---|---|---|---|
| Plan Payment: | **Variable** | Value of Non-exempt property per § 1325(a)(4): | **$4,435.00** |
| Plan Term: | **60 months** | Monthly Disposable Income per § 1325(b)(2): | **$0.00** |
| Plan Base: | **$139,878.00** | Monthly Disposable Income x ACP ("UCP"): | **$0.00** |
| Applicable Commitment Period: | **60 months** | | |

Case No:   23-43948-ELM-13
Debtor(s): **James P. Brewster, Sr.**
**Bridget Obeng Brewster**

---

**ANY OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN AND/OR MOTION FOR VALUATION MUST BE FILED AND SERVED ON THE DEBTOR, DEBTOR'S COUNSEL, AND THE TRUSTEE NO LATER THAN 21 DAYS AFTER THE NOTICE OF THE CONFIRMATION HEARING IS FILED AND SERVED IN THE FORT WORTH DIVISION, AND NO LATER THAN 7 DAYS PRIOR TO THE TRUSTEE'S PRE-HEARING CONFERENCE IN THE ABILENE, AMARILLO, DALLAS, LUBBOCK, SAN ANGELO AND WICHITA FALLS DIVISIONS.**

## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan*, *Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim.

### SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
### FORM REVISED 5/12/21

**A.   PLAN PAYMENTS:**

Debtor(s) propose(s) to pay to the *Trustee* the sum of:

__$2,208.00__ per month, months __1__ to __6__.
__$2,345.00__ per month, months __7__ to __60__.

For a total of __$139,878.00__ (estimated "*Base Amount*").

First payment is due __1/27/2024__.

The applicable commitment period ("ACP") is __60__ months.

Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is: __$0.00__.

The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than: __$0.00__.

*Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than: __$4,435.00__.

**B.   STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:**  Total filing fees paid through the *Plan*, if any, are __$0.00__ and shall be paid in full prior to disbursements to any other creditor.

2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:**  *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2021-05 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

3. **DOMESTIC SUPPORT OBLIGATIONS:**  The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant.  Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
|  |  |  |  |  |

**C.   ATTORNEY FEES:**  To __Davis, Ermis & Roberts, P.C.__, total: __$4,250.00__ *;
__$687.00__ Pre-petition; __$3,563.00__ disbursed by the *Trustee*.

* The Attorney fees include (check all appropriate boxes):
  ☑ Standard Fee      ☐ Business Standard Fee
  ☐ Additional Fee for Motion to Extend/Impose the Automatic Stay
  ☐ Additional Fee for Case in which Debtor will receive Fed. R. Bankr. P. 3002.1 notices

Case No:   23-43948-ELM-13
Debtor(s):   **James P. Brewster, Sr.**
           **Bridget Obeng Brewster**

### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **PHH Mortgage Corporation** 1930 Chandler Lane, Arlington, TX 76014 | **$14,444.99** | 12/27/2023 | 0.00% | Month(s) 1-52 | **Pro-rata** |

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| **PHH Mortgage Corporation** 1930 Chandler Lane, Arlington, TX 76014 | **59 month(s)** | **$1,080.85** | **3/1/2024** |

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **PHH Mortgage Corporation** 1930 Chandler Lane, Arlington, TX 76014 | **$1,804.58** | 1/1/2024 & 2/1/2024 | 0.00% | Month(s) 1-52 | **Pro-rata** |

### E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

### E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
| **Bridgecrest Acceptance Corp** 2015 Buick Enclave | **$28,000.00** | 0.00% | Month(s) 2-60 | **$474.58** |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

Case No:    23-43948-ELM-13
Debtor(s):    **James P. Brewster, Sr.**
              **Bridget Obeng Brewster**

### F. SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT Surrender |
|---|---|---|---|
| | | | |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F. will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

### G. SECURED CREDITORS - PAID DIRECT BY DEBTOR:

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| **Resurgent Capital Services** | 2017 Dodge Journey | $12,525.99 |

### H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| **Internal Revenue Service** | $9,601.00 | Month(s) 1-52 | Pro-rata |

### I. SPECIAL CLASS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

JUSTIFICATION: _____

### J. UNSECURED CREDITORS:

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| **Ability Recovery Services LLC** | $4,789.00 | |
| **ADL Auto Sales** | $32,850.00 | |
| **AT&T Mobility II LLC** | $90.00 | |
| **Cash Store** | $0.00 | |
| **Chime/Stride Bank** | $105.00 | |
| **Credence Resource Management, LLC** | $410.00 | |
| **Credit Acceptance** | $8,891.00 | |
| **Debt Recovery Solution** | $1,516.00 | |
| **Excel Finance** | $0.00 | |
| **Ocwen Loan Servicing, LLC** | $0.00 | |
| **Okinus, Inc** | $18,731.00 | |
| **Prime Acceptance Corp** | $0.00 | |

Case No:   23-43948-ELM-13
Debtor(s): **James P. Brewster, Sr.**
           **Bridget Obeng Brewster**

| | |
|---|---:|
| **Quantum3 Group LLC as agent for** | $1,778.49 |
| **Resurgent Capital Services** | $1,283.51 |
| **Speedy Cash** | $2,280.00 |
| **Texas Trust Credit Union** | $1,017.82 |
| **Texas Workforce Commission, Collections** | $26,460.00 |
| **Transworld Systems** | $615.00 |
| **Transworld Systems** | $445.00 |
| **TXU Energy** | $202.00 |
| **U.S. Deptartment of Education** | $23,884.30 |
| TOTAL SCHEDULED UNSECURED: | $125,348.12 |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____**4%**_____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

**K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| | | | | |

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 5/12/21**

**A.   SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount*.

**B.   ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:**

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B).  The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

**C.   ATTORNEY FEES:**

The Standard Fee or Business Standard Fee for the Debtor's(s') Counsel is the amount indicated in Section I, Part C and shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the *Debtor's(s')* Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.  Additional Fees will be paid only after a Notice of Additional Fees and Rule 2016 Disclosure is filed with the Court to which there has been no timely objection or, if an objection is filed, after the entry of an Order by the Court allowing the Additional Fees.

**D.(1) PRE-PETITION MORTGAGE ARREARAGE:**

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1).  To the extent interest is provided, it will be calculated from the date of the Petition.  The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee.*  Such creditors shall retain their liens.

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:**

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*.  Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Case No:   23-43948-ELM-13
Debtor(s): **James P. Brewster, Sr.**
**Bridget Obeng Brewster**

---

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

**D.(3) POST-PETITION MORTGAGE ARREARAGE:**

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

**E.(1)    SECURED CLAIMS TO BE PAID BY TRUSTEE:**

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan.* Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee.*

**E.(2)    SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:**

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee.*

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

**F.    SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:**

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation. Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

**G.    DIRECT PAYMENTS BY DEBTOR(S):**

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

Case No:    23-43948-ELM-13
Debtor(s):  **James P. Brewster, Sr.**
            **Bridget Obeng Brewster**

---

**H.  PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, either per month or pro-rata (as indicated in Section I), as priority claims, without interest.

**I.  CLASSIFIED UNSECURED CLAIMS:**

Classified unsecured claims shall be treated as allowed by the Court.

**J.  GENERAL UNSECURED CLAIMS TIMELY FILED:**

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

**K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

**L.  CLAIMS TO BE PAID:**

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim. If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims. Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

**M.  ADDITIONAL PLAN PROVISIONS:**

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

**N.  POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:**

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer. If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance. If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges*.

**O.  CLAIMS NOT FILED:**

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD*.

**P.  CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:**

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

**Q.  CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R.  BUSINESS CASE OPERATING REPORTS:**

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise. The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

Case No:   23-43948-ELM-13
Debtor(s): **James P. Brewster, Sr.**
**Bridget Obeng Brewster**

**S.   NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business.  Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

**T.   DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge.  Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law.  In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law.  After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules.  Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan* or pursuant to an order of the Court.  Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

**U.   ORDER OF PAYMENT:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized.  Each numbered paragraph below is a level of payment.  All disbursements which are in a specified monthly amount are referred to as "per mo."  At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment.  If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis.  Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

Case No:   23-43948-ELM-13
Debtor(s): **James P. Brewster, Sr.**
**Bridget Obeng Brewster**

---

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H., which must be designated to be paid as either pro-rata or per mo.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims. These claims must be designated to be paid pro-rata.

**V.   POST-PETITION CLAIMS:**

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, *Debtor(s)* will modify this *Plan*.

**W.   TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:**

See the provisions of the General Order regarding this procedure.

Case No:    23-43948-ELM-13
Debtor(s):    **James P. Brewster, Sr.**
**Bridget Obeng Brewster**

---

**SECTION III**
**NONSTANDARD PROVISIONS**

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

| | |
|---|---|
| **/s/ Craig D. Davis** | |
| Craig D. Davis, Debtor's(s') Attorney | Debtor (if unrepresented by an attorney) |

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

| | |
|---|---|
| **/s/ Craig D. Davis** | 00793588 |
| Craig D. Davis, Debtor's(s') Counsel | State Bar Number |

Case No:  23-43948-ELM-13
Debtor(s):  **James P. Brewster, Sr.**
**Bridget Obeng Brewster**

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the   **7th day of February, 2024**   :

(List each party served, specifying the name and address of each party)

Dated:   **February 7, 2024**          /s/ Craig D. Davis
                                       Craig D. Davis, Debtor's(s') Counsel

| | | |
|---|---|---|
| Ability Recovery Services LLC<br>xxxxxx73N1<br>Attn: Bankruptcy<br>284 Main St<br>Dupont, PA 18641 | Bridgecrest Acceptance Corp<br>xxxxxxxx9101<br>7300 East Hampton Avenue<br>Suite 100<br>Mesa, AZ 85209 | Debt Recovery Solution<br>xxxxxxxxxxxx7867<br>Attn: Bankruptcy<br>6800 Jericho Turnpike, Ste 113E<br>Syosset, NY 11791 |
| ADL Auto Sales<br>8312 Camp Bowie W. Blvd.<br>Fort Worth, TX 76116 | Cash Store<br>4045 S. Great SW Pkwy, Ste 117<br>Grand Prairie, TX 75052 | Excel Finance<br>xxxxxx7005<br>Attn: Bankruptcy<br>PO Box 69<br>Spicewood, TX 78669 |
| AT&T Mobility II LLC<br>xxxxxxxxxxxxxxxxxxxxxxxxxxE0889<br>c/o AT&T Services Inc.<br>One AT&T Way, Ste 3A104<br>Bedminster, NJ 07921-2693 | Chime/Stride Bank<br>xxxxxxxx0166<br>Attn: Bankruptcy<br>PO Box 417<br>San Francisco, CA 94104 | HUD<br>451 7th ST. SOUTHWEST<br>WASHINGTON, DC 20410 |
| Attorney General of Texas CSD<br>2001 Beach Street, Ste. 700<br>Fort Worth, TX 76103 | City of Arlington<br>2500 Hardley-Ederville Rd.<br>Fort Worth, TX 76118 | Internal Revenue Service<br>xxx xxxxxxx & xxx7703<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Attorney General Office<br>400 S. Zang Blvd., Ste. 1100<br>Dallas, TX 75208-6646 | Credence Resource Management, LL<br>xxxxx6324<br>Attn: Bankruptcy<br>4222 Trinity Mills Road Suite 260<br>Dallas, TX 75287 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Attorney General Office<br>400 South Zang Blvd. Ste 1100<br>Dallas, Texas 75208 | Credit Acceptance<br>xxxx1033<br>Attn: Bankruptcy<br>25505 West 12 Mile Road Ste 3000<br>Southfield, MI 48034 | INTERNAL REVENUE SERVICE<br>SPECIAL PROCEDURES STAFF<br>1100 COMMERCE STREET<br>MAIL CODE 5020-DAL<br>DALLAS, TX 75242 |

Case No:   23-43948-ELM-13
Debtor(s):   **James P. Brewster, Sr.**
   **Bridget Obeng Brewster**

| | | |
|---|---|---|
| INTERNAL REVENUE SERVICE<br>AUSTIN, TX 73301 | Prime Acceptance Corp<br>xxxx7490<br>Attn: Bankruptcy<br>PO Box 768<br>Sandy, UT 84091 | Transworld Systems<br>xxxx8664<br>500 Virginia Dr., Ste. 514<br>Ft. Washington, PA  19034 |
| INTERNAL REVENUE SERVICE<br>PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 | Quantum3 Group LLC as agent for<br>xxxxxx9369<br>CF Medical, LLC<br>P.O. Box 788<br>Kirkland, WA  98083-0788 | TXU Energy<br>xxxxxxxxxxxxxxxxxxxxxxxxxC656<br>6555 Sierra Drive<br>Irving, TX 75039 |
| James P. Brewster, Sr.<br>1930 Chandler Lane<br>Arlington, TX  76014 | Resurgent Capital Services<br>xxxx7978<br>PO Box 3427<br>Greenville, SC 29602 | U.S. Deptartment of Education<br>xxxxx7703<br>P.O. Box 16448<br>St. Paul, MN 55116-0448 |
| Just Energy<br>5015 Wesheimer Rd., Ste. #1200<br>Houston, TX  77056 | Resurgent Capital Services<br>xxxxx7487<br>POB 1927<br>Greenville, SC 29602 | United States Trustee<br>1100 Cmmerce St., Rm 976<br>Dallas, TX  75242-0996 |
| Ocwen Loan Servicing, LLC<br>xxxx8877<br>Attn: Bankruptcy<br>1661 Worthington Rd, Ste 100<br>West Palm Beach, FL 33409 | Speedy Cash<br>815 E. Pioneer Pkwy<br>Arlington, TX 76010 | VA Regional Office<br>One Veterans Plaza<br>701 Clay Ave<br>Waco, TX  76799 |
| Okinus, Inc<br>xxx2723<br>Attn: Bankruptcy<br>PO Box 691<br>Pelham, GA 31779 | Texas Trust Credit Union<br>xxxxxxxxxxxx0300<br>Attn: Bankruptcy<br>PO Box 2260<br>Mansfield, TX 76063 | VA Regional Office<br>One Veterans Plaza<br>701 Clay Av.<br>Waco, Texas 76799 |
| Pam Bassel<br>7001 Blvd 26, Ste. 150<br>North Richland Hills, TX  76180 | Texas Workforce Commission, Collections<br>xxxxxx7703<br>Attn Rick Diaz<br>101 East 15th Street, Room 556<br>Austin, TX 78778-0001 | Westlake Portfolio Management, LLC<br>Attn: Bankruptcy<br>PO Box 76809<br>Los Angeles, CA 90054 |
| PHH Mortgage Corporation<br>xxxxxxxxx8877<br>Attn:  Bankruptcy Dept<br>PO Box 24605<br>West Palm Beach, FL  33416-4605 | Transworld Systems<br>xxxx9668<br>500 Virginia Dr., Ste. 514<br>Ft. Washington, PA  19034 | William T. Neary<br>Office of the US Trustee<br>1100 Commerce St., Rm 9C60<br>Dallas, TX  75242 |

Case No:　23-43948-ELM-13
Debtor(s):　**James P. Brewster, Sr.**
　　　　　　**Bridget Obeng Brewster**

WILLIAM T. NEARY
OFFICE OF THE US TRUSTEE
1100 COMMERCE ST, RM 9C60
DALLAS, TX. 75242

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IN RE:  **James P. Brewster, Sr.**                              CASE NO.   23-43948-ELM-13
*Debtor*

**Bridget Obeng Brewster**                                       CHAPTER   13
*Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 7, 2024, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

/s/ Craig D. Davis
Craig D. Davis
Bar ID:00793588
Davis, Ermis & Roberts, P.C.
1521 N Cooper, Suite 860
Arlington, TX 76011
(817) 265-8832

---

Ability Recovery Services LLC
xxxxxx73N1
Attn: Bankruptcy
284 Main St
Dupont, PA 18641

Attorney General Office
400 S. Zang Blvd., Ste. 1100
Dallas, TX  75208-6646

City of Arlington
2500 Hardley-Ederville Rd.
Fort Worth, TX  76118

ADL Auto Sales
8312 Camp Bowie W. Blvd.
Fort Worth, TX  76116

Bridgecrest Acceptance Corp
xxxxxxxx9101
7300 East Hampton Avenue
Suite 100
Mesa, AZ 85209

Credence Resource Management, LLC
xxxxx6324
Attn: Bankruptcy
4222 Trinity Mills Road Suite 260
Dallas, TX 75287

AT&T Mobility II LLC
xxxxxxxxxxxxxxxxxxxxxxxxxE089
c/o AT&T Services Inc.
One AT&T Way, Ste 3A104
Bedminster, NJ  07921-2693

Cash Store
4045 S. Great SW Pkwy, Ste 117
Grand Prairie, TX  75052

Credit Acceptance
xxxx1033
Attn: Bankruptcy
25505 West 12 Mile Road Ste 3000
Southfield, MI 48034

Attorney General of Texas CSD
2001 Beach Street, Ste. 700
Fort Worth, TX  76103

Chime/Stride Bank
xxxxxxxx0166
Attn: Bankruptcy
PO Box 417
San Francisco, CA 94104

Debt Recovery Solution
xxxxxxxxxxx7867
Attn: Bankruptcy
6800 Jericho Turnpike,  Ste 113E
Syosset, NY 11791

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| IN RE:  **James P. Brewster, Sr.**  <br>*Debtor* | CASE NO.  **23-43948-ELM-13** |
| **Bridget Obeng Brewster**  <br>*Joint Debtor* | CHAPTER  **13** |

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

---

Excel Finance
xxxxxx7005
Attn: Bankruptcy
PO Box 69
Spicewood, TX 78669

Okinus, Inc
xxx2723
Attn: Bankruptcy
PO Box 691
Pelham, GA 31779

Resurgent Capital Services
xxxxx7487
POB 1927
Greenville, SC 29602

Internal Revenue Service
xxx xxxxxxx & xxx7703
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA  19101-7346

Pam Bassel
7001 Blvd 26, Ste. 150
North Richland Hills, TX  76180

Speedy Cash
815 E. Pioneer Pkwy
Arlington, TX 76010

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

PHH Mortgage Corporation
xxxxxxxxx8877
Attn:  Bankruptcy Dept
PO Box 24605
West Palm Beach, FL  33416-4605

Texas Trust Credit Union
xxxxxxxxxxxx0300
Attn: Bankruptcy
PO Box 2260
Mansfield, TX 76063

James P. Brewster, Sr.
1930 Chandler Lane
Arlington, TX  76014

Prime Acceptance Corp
xxxx7490
Attn: Bankruptcy
PO Box 768
Sandy, UT 84091

Texas Workforce Commission,
Collections
xxxxxx7703
Attn Rick Diaz
101 East 15th Street, Room 556
Austin, TX 78778-0001

Just Energy
5015 Wesheimer Rd., Ste. #1200
Houston, TX  77056

Quantum3 Group LLC as agent for
xxxxxx9369
CF Medical, LLC
P.O. Box 788
Kirkland, WA  98083-0788

Transworld Systems
xxxx9668
500 Virginia Dr., Ste. 514
Ft. Washington, PA  19034

Ocwen Loan Servicing, LLC
xxxx8877
Attn: Bankruptcy
1661 Worthington Rd, Ste 100
West Palm Beach, FL 33409

Resurgent Capital Services
xxxx7978
PO Box 3427
Greenville, SC 29602

Transworld Systems
xxxx8664
500 Virginia Dr., Ste. 514
Ft. Washington, PA  19034

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE:  **James P. Brewster, Sr.**                     CASE NO.   **23-43948-ELM-13**
                   *Debtor*

**Bridget Obeng Brewster**                              CHAPTER   **13**
                *Joint Debtor*

### CERTIFICATE OF SERVICE
(Continuation Sheet #2)

---

TXU Energy
xxxxxxxxxxxxxxxxxxxxxxxxxxxC656
6555 Sierra Drive
Irving, TX 75039


U.S. Deptartment of Education
xxxxx7703
P.O. Box 16448
St. Paul, MN 55116-0448


United States Trustee
1100 Cmmerce St., Rm 976
Dallas, TX  75242-0996


VA Regional Office
One Veterans Plaza
701 Clay Ave
Waco, TX  76799


Westlake Portfolio Management, LLC
Attn: Bankruptcy
PO Box 76809
Los Angeles, CA 90054


William T. Neary
Office of the US Trustee
1100 Commerce St., Rm 9C60
Dallas, TX  75242